# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **DAVID E. ERNST,** ) | |
| ) | |
| Plaintiff, ) | Cause No.  4:20-cv-01239 SEP |
| ) | |
| vs. ) | |
| ) | |
| **TEACHERS INSURANCE AND** ) | |
| **ANNUITY ASSOCIATION OF** ) | |
| **AMERICA** ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff David E. Ernst (hereinafter referred to as "Plaintiff"), and for his First Amended Complaint against Defendant Teachers Insurance and Annuity Association of America (hereinafter referred to as "Defendant"), states and avers as follows:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff is a sixty-five (65) year old male individual who resides within St. Charles County, State of Missouri.

2. Defendant Teachers Insurance and Annuity Association of America ("Defendant") is a foreign corporation operating in good standing within the State of Missouri.  Defendant operates a facility within the County of St. Louis, Missouri.

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000, *et seq* and 29 U.S.C. §§ 621, *et seq*.

4. This Court has subject matter jurisdiction of this matter.

5. Plaintiff was employed by the Defendant as a Wealth Management Advisor in St. Louis County, State of Missouri.

6. During Plaintiff's employment, and at all relevant times herein, Defendant utilized performance metrics to rank its Advisors.

7. Throughout Ernst's employment with Defendant, Ernst met applicable job qualifications, was qualified for the position for which he held, and performed the job in a manner which met or exceeded the Defendant's legitimate expectations.

8. During Ernst's employment, and at all relevant times herein, Ernst's rankings were consistently higher than many other Wealth Management Advisors.

9. During Ernst's employment, Defendant applied higher performance metrics to Ernst as compared to those metrics that applied to younger and/or female Advisors.

10. In May, 2019, Defendant's supervisor advised Ernst that Ernst was not going to be terminated as his numbers were trending up.

11. Ernst was held to a higher standard than younger and/or female Advisors, despite the fact that Ernst was well above the national average of Advisors as it related to the performance metrics utilized by the Defendant.

12. On or about July 16, 2019, Ernst was terminated.

13. Defendant informed Ernst he was being terminated due to his performance.

14. Ernst was treated differently than other Advisors by the Defendant as many of the other Advisors ranked significantly lower in terms of the performance metrics but were held to a different standard by Defendant and received no adverse

consequences as a result of their performance, or lack thereof, and rankings according to the Defendant's performance metrics.

### COUNT I – AGE AND SEX DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

15.   Plaintiff restates paragraphs 1 through 14 as though fully referenced herein.

16.   This action is brought under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq*.

17.   At all times relevant to the action, Plaintiff was a person as defined by Mo. Rev. Stat. § 213.010.

18.   At all times relevant herein, Defendant was an "employer" as defined by Mo. Rev. Stat. § 213.010.

19.   Defendant discriminated against Plaintiff because of his age and/or gender with respect to the terms, conditions, and/or privileges of employment.

20.   As a consequence of Defendant's discriminatory conduct, Plaintiff lost and continues to lose wages and other financial incidents and benefits of employment.

21.   Plaintiff has incurred and will continue to incur attorneys' fees and costs in connection with this matter.

22.   The treatment of Plaintiff by Defendant resulted in significant humiliation, anxiety, distress, and embarrassment to Plaintiff.

23.   The discriminatory conduct of Defendant was willful, wanton, and without just cause or excuse.  Defendant's conduct was outrageous because of Defendant's evil

motive or reckless indifference to Plaintiff's rights, and as a result, Plaintiff is entitled to punitive damages.

24. On or about September 13, 2019, Plaintiff filed a charge of employment discrimination with the Missouri Commission on Human Rights.

25. On May 11, 2020, Plaintiff received a notice of his right to sue from the Missouri Commission on Human Rights.  **(See attached as Plaintiff's Exhibit 1)**

26. This action was filed within ninety (90) days from the issuance of the right to sue letter.

27. The Plaintiff requests a jury trial in this matter.

**WHEREFORE**, Plaintiff David E. Ernst prays that the Court enter Judgment for Plaintiff against Defendant for lost wages and other benefits of employment, other actual and compensatory damages, prejudgment interest, all costs and attorneys' fees incurred in the prosecution of these claims, punitive damages, and for such other and further relief as this Court deems just and equitable.

## COUNT II—DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28. Plaintiff restates paragraphs 1 through 27 as though fully referenced herein.

29. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*.

30. At all times relevant to the action, Plaintiff was a "person" as defined by 42 U.S.C. § 2000e(a).

31. At all times relevant herein, Defendant was an "employer" as defined by 42 U.S.C. § 2000e(b)

32. On August 26, 2020 the EEOC issued its Notice of Right to Sue based on Plaintiff's claims of sex discrimination. **(See attached as Plaintiff's Exhibit 2.)**

33. Defendant's decision to terminate Plaintiff was based on Plaintiff's sex. Defendant fired Plaintiff for not meeting performance metrics which were not applied equally to other female employees.

34. Defendant engaged in unlawful employment practices in its decision to terminate Plaintiff based on his sex.

35. The effect of Defendant's unlawful employment practices was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex.

36. Defendant's unlawful employment practices were intentional and done with malice or with reckless indifference to Plaintiff's rights under Title VII. Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to Plaintiff's rights, and as a result, Plaintiff is entitled to punitive damages.

37. This action was filed within ninety (90) days from the issuance of the EEOC Notice of Right to Sue.

38. The Plaintiff requests a jury trial in this matter.

**WHEREFORE**, Plaintiff David E. Ernst prays that the Court enter Judgment for Plaintiff against Defendant for lost wages and other benefits of employment, other actual and compensatory damages, prejudgment interest, all costs and attorneys' fees incurred in the prosecution of these claims, punitive damages, and for such other and further relief as this Court deems just and equitable.

### COUNT III—AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRMIINATION IN EMPLOYMENT ACT (ADEA)

5

39. Plaintiff restates paragraphs 1 through 38 as though fully referenced herein.

40. This action is brought under The Age Discrimination in Employment Act; 29 U.S.C. §§ 621, *et seq* (the "ADEA").

41. At all relevant times, Plaintiff was over 40 years of age as established by 29 U.S.C. § 631(a).

42. Defendant discharged Plaintiff and discriminated against him because of Plaintiff's age as established by U.S.C. § 623(a)(1).

43. As stated previously, on August 26, 2020 the EEOC issued its Notice of Right to Sue based on Plaintiff's claims of age discrimination.  **(See Exhibit 2.)**

44. The ADEA makes it unlawful for employers and their agents "to discharge any individual or otherwise discriminate against any individual with respect to…terms…of employment, because of such individual's age."  U.S.C. § 623(a)(1).

45. Defendant's decision to terminate Plaintiff was based on his advanced age. Defendant fired Plaintiff for not meeting performance metrics which were not applied equally to other, younger employees.

46. Defendant engaged in unlawful employment practices in its decision to apply different performance metrics to employees under the age of 40 in violation of the prohibitions against age discrimination set forth in the ADEA.

47. The effect of Defendant's unlawful employment practices was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

48. Defendant's unlawful employment practices were intentional and willful violations of Plaintiff's rights under the ADEA. Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to Plaintiff's rights, and as a result, Plaintiff is entitled to punitive damages.

49. This action was filed within ninety (90) days from the issuance of the right to sue letter.

50. The Plaintiff requests a jury trial in this matter.

**WHEREFORE**, Plaintiff David E. Ernst prays that the Court enter Judgment for Plaintiff against Defendant for lost wages and other benefits of employment, other actual and compensatory damages, prejudgment interest, all costs and attorneys' fees incurred in the prosecution of these claims, punitive damages, and for such other and further relief as this Court deems just and equitable.

**RESPECTFULLY SUBMITTED,**

**ENGELMEYER & PEZZANI, LLC**

By: ___/s/ Anthony M. Pezzani___
Anthony M. Pezzani, #52900MO
*tony@epfirm.com*
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO  63017
Phone:  636-532-9933
Fax:     314-863-7793